GREGORAT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.    March 7, 1918.)

No. 3060.

1. PERJURY ⊂⇨26(½)—NATURALIZATION—OFFENSES—INDICTMENT.
    An indictment alleging that, in violation of Act June 29, 1906, c. 3592, § 23, 34 Stat. 603 (Comp. St. 1916, § 4379), defendant in a naturalization proceeding testified that he had never operated a saloon, or been arrested or charged with crime, or found guilty of violating any state law, whereas in fact it was not and is not true, and at the time of so testifying defendant did not believe it to be true, that he had not operated a saloon, etc., is sufficient against an objection that the indictment did not affirmatively state that defendant had operated a saloon, etc.

2. PERJURY ⊂⇨25(1)—NATURALIZATION—OFFENSE—SCOPE OF STATUTE.
    Under Act June 29, 1906, § 23, an indictment charging that defendant in a naturalization proceeding knowingly gave false testimony as to a material fact need not aver that the fact was one required to be proven in such proceeding; that requirement being applicable only to affidavits.

3. CRIMINAL LAW ⊂⇨1169(3)—APPEAL—HARMLESS ERROR.
    In a prosecution for knowingly giving false testimony in a naturalization proceeding, the admission of a transcript of the stenographer's notes of the proceeding was harmless, where defendant himself testified to the same facts shown by the transcript.

4. PERJURY ⊂⇨26(3)—NATURALIZATION—INDICTMENT—SUFFICIENCY.
    Under Act June 29, 1906, § 23, punishing one who knowingly gives false testimony in a naturalization proceeding, an indictment alleging that defendant did unlawfully, willfully, and knowingly give false testimony is sufficient, though not averring defendant took the oath falsely, willfully, and knowingly.

5. CRIMINAL LAW ⊂⇨1128(1)—ERROR—REVIEW—QUESTIONS PRESENTED.
    In a prosecution under Act June, 1906, § 23, for knowingly giving false testimony in a naturalization proceeding, the question whether it was

⊂⇨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

error for the court in its charge to the jury to incorporate that section of the Criminal Code (Act March 4, 1909, c. 321, § 125, 35 Stat. 1111 [Comp. St. 1916, § 10295]) defining perjury cannot be reviewed on writ of error, where the facts developed by the evidence were not shown by the record.

6. CRIMINAL LAW ☞1090(8)—ERROR—EXCEPTIONS—NECESSITY.

The sufficiency of the evidence to sustain a conviction cannot be reviewed on writ of error, in the absence of exceptions and a bill of exceptions incorporating therein the evidence.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Josef Domenick Gregorat was convicted of violating Act June 29, 1906, § 23, in that he knowingly did give, in a naturalization proceeding, false testimony as to a material fact, and brings error. Affirmed.

Louis H. Burns, of New Orleans, La., for plaintiff in error. Joseph W. Montgomery, U. S. Atty., of New Orleans, La.

Before WALKER and BATTS, Circuit Judges, and NEWMAN, District Judge.

BATTS, Circuit Judge. [1] Plaintiff in error was indicted for violation of section 23 of the act of June 29, 1906, in that he "knowingly did give, in a naturalization proceeding, false testimony as to a material fact." The indictment alleges that in a naturalization proceeding Gregorat testified that he had never operated a saloon, nor been arrested, nor charged with the commission of crime, nor found guilty of violating any state law. The indictment is attacked upon the ground that it does not affirmatively state that the defendant had operated a saloon, and that he had been arrested and charged with the commission of a crime, and that he had been found guilty of violating a state law; the allegation of the indictment being:

"Whereas, in fact, it was not and is not true, and at the time of so swearing and deposing the said Josef Domenick Gregorat did not believe it to be true, that he had not operated a saloon, or that he had never been arrested or charged with the commission of a crime of any kind, or that he had never been found guilty of violating any state law," etc.

Under the formerly well-recognized rules with reference to indictments in cases of perjury and false swearing, the indictment would doubtless have been insufficient. In any writing, other than an indictment, a statement that "it is not true that he did not operate a saloon" would be accepted as equivalent to a statement that "he did operate a saloon." There is no reason why a different rule should apply to indictments. Instead of being insufficient for lack of words, the indictment under consideration demonstrates that there is much still to be accomplished in the matter of simplification of indictments. The objection to the indictment is not sustained.

[2] The indictment is objected to upon the ground that it does not charge that the defendant gave false testimony as to a material fact "required to be proved in such proceeding." The quoted clause of the section is applicable alone to affidavits.

[3] The transcript of part of the notes taken by the stenographer at the trial of the naturalization proceeding was introduced in evidence upon what the defendant asserts was an insufficient identification, and over his objection that the notes constituted the better evidence. The notes were not available, and could not have been used if they had been. That the transcribed notes represented the facts was established by the defendant's own testimony and otherwise. Even if the evidence was improperly admitted, no harm resulted to defendant.

[4] Another objection to the indictment is that it does not charge that the defendant "took the oath falsely, willfully, and knowingly." The statute punishes one "who knowingly gives false testimony." The indictment alleges that the defendant did "unlawfully, willfully, knowingly," do the things denounced by the law.

[5] The charge of the court is objected to in the brief for plaintiff in error on the ground that it incorporated section 125 of the Criminal Code, which defines perjury. The elements of the crime defined by section 125, and of that defined by section 23 of the act of June 29, 1906, are substantially the same, and the indictment was doubtless good under either. The charge was probably sufficient and unobjectionable, notwithstanding the reading of section 125. No bill was taken to this assumed error, the facts developed by the evidence are not fully before us, and the matter cannot be passed upon.

[6] A question raised by the brief of plaintiff in error as to the sufficiency of the evidence cannot be determined, in the absence of an exception and a bill incorporating the evidence. That part of the evidence incorporated in other bills indicates that the finding of the jury was justified.

The judgment is affirmed.