### WILLIAMS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   October 24, 1918.)

No. 3221.

WITNESSES ⬅337(5)—EVIDENCE OF FORMER CONVICTION.

A defendant in a criminal case, who elects to take the witness stand, is subject to all the rules and tests applicable to other witnesses, and renders admissible records of former convictions for felony.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against Charles T. Williams.   Judgment of conviction, and defendant brings error.   Affirmed.

John R. Cooper, of Macon, Ga., for plaintiff in error.

E. M. Donalson, U. S. Atty., of Macon, Ga. (Wallace Miller, Asst. U. S. Atty., of Macon, Ga., on the brief), for the United States.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

SHEPPARD, District Judge.   The plaintiff in error was tried and convicted for the offense denounced by section 3258 of the Revised Statutes (Comp. St. 1916, § 5994).   It was the usual indictment of four counts in such cases, and plaintiff in error was convicted on all counts, and assigns as error here the admission in evidence over his objection of the records of two previous convictions of plaintiff in the same court for the same offense.   There are two other assignments mentioned in the brief, but not argued, to the effect that the court erred in not permitting the accused to make an uninterrupted statement of his defense to the jury, and the refusal of the court to admit in evidence a letter from one Jule Ingram to Walter Simmons, exculpatory of the latter of any connection with the alleged illicit distillery.

The record shows that during the progress of the trial the defendant elected to take the witness stand in his own behalf, and so became subject to all the rules and tests applicable to any other witness, and was confronted with the record of his previous convictions, the punishment for which may be two years in a penitentiary, and by section 335, Federal Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. 1916, § 10509]), is made a felony.   What is said, and the authorities cited in support of our conclusion, in Robert Lee Gordon v. United States, 254 Fed. 53, —— C. C. A. ——, decided at this term, disposes fully of this assignment, as well as the objection that the accused was not allowed to make a statement to the jury.   There was no error in excluding from the jury what purported to be a copy of the "Ingram letter."   Its contents were clearly hearsay, and it appears to have been previously excluded on objection of defendant below.   It was wholly irrelevant to any issue in the case.   The evi-

dence on the whole, if believed by the jury, was sufficient to support the verdict.

We find no error, and the judgment is affirmed. It will be so ordered.