minor field repairs requisite to keep the machine in running condition. It found that upon the return of the machine, the lessor, without making any further repairs, operated it over a period of about four months in the doing of various sewer jobs. The repairs in question, thereafter made by the lessor, were found to be of a major character. The court concluded that in respect of his duty to make repairs the lessee had complied with the requirements of his contract.

The findings and conclusion are assailed as wrong, but we see no clear error in them. They have ample support in the record.

Affirmed.

be himself interrogated about it. Williams v. United States, 5 Cir., 254 F. 52; Gordon v. United States, 5 Cir., 254 F. 53; Wheeler v. United States, 5 Cir., 293 F. 588; Pittman v. United States, 8 Cir., 42 F.2d 793; Fire Assn. of Philadelphia v. Weathered, 5 Cir., 62 F.2d 78; Scaffidi v. United States, 1 Cir., 37 F.2d 203.

Judgment affirmed.

## S. L. CROOK CORPORATION v. POTTER et al.

### No. 9764.

Circuit Court of Appeals, Sixth Circuit.

Nov. 6, 1944.

## MATTHEWS v. UNITED STATES.

### No. 11093.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1944.

O. S. Lewis, of Dothan, Ala., for appellant.

Hartwell Davis, Asst. U. S. Atty., of Montgomery, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The defendant offered himself as a witness in his trial. He could lawfully be impeached as a witness by proof that he had been convicted of other felonies and could

S. D. Hodge, of Princeton, Ky., and Charles Ferguson, of Smithland, Ky., for appellant.

C. A. Pepper, of Princeton, Ky., for appellees.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard upon arguments, briefs of counsel, and transcript of the record, it appears that ap-