## THAYER v. UNITED STATES.
### No. 3535.

Circuit Court of Appeals, Tenth Circuit.
May 10, 1948.

W. A. Muir, of Rock Springs (Harold M. Johnson, of Rawlins, on the brief), for appellant.

Carl L. Sackett, U. S. Atty., of Sheridan (John C. Pickett, Asst. U. S. Atty., of Cheyenne, on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Drawn under section 32 of the Criminal Code, 18 U.S.C.A. § 76, the information in this case charged that Sidney Thayer unlawfully, knowingly, and falsely assumed and pretended to be an agent of the Federal Bureau of Investigation; and that in such pretended character, he demanded and obtained from Rafael Vasquez the sum of $2,000, all with the intent to defraud Vasquez and the United States. The jury found the defendant guilty; the court sentenced him to imprisonment; and he appealed.

It is urged that the evidence was not sufficient to sustain the charge laid in the information and therefore the court should have directed a verdict of not guilty. Sketchily stated, and omitting many insignificant details, evidence was adduced at the trial which showed that appellant resided at Rawlins, Wyoming; that Vasquez was employed by the Union Pacific Railroad Company as section foreman at a small village located about forty miles from Rawlins; that Vasquez took certain liberties with a young girl; that the parents of the girl consulted appellant respecting the matter; that appellant went to the home of Vasquez, told him that he was Mr. Hoover of the F.B.I., asked Vasquez about having molested the girl, told him that he was going to arrest him and place him in jail, took possession of a gun belonging to him, and asked him if he had any money; that Vasquez told appellant he did not have any money but did have some war savings bonds and showed the bonds to appellant; that appellant took Vasquez to Rawlins; that Vasquez cashed the bonds and gave appellant $2,000 in currency; and that appellant told Vasquez he had to leave the community in which he resided and was employed. The evidence and the inferences fairly to be drawn from it adequately support the verdict and judgment.

The further contention is that the court erred in permitting the undersheriff of Carbon County, Wyoming, to testify that in the course of a conversation had in his presence, Vasquez addressed appellant as Mr. Hoover, referred to him as

Mr. Hoover, and told him that he knew Vasquez gave him $2,000; and that appellant denied that Vasquez gave him any money, and told Vasquez that he talked of cashing his bonds in order to buy a house from appellant. The argument is that the testimony was hearsay insofar as it detailed the manner in which Vasquez addressed appellant and detailed the statement made by Vasquez in respect to giving the money to appellant. While objection was interposed to one or two questions on the ground of hearsay, virtually all of the testimony of the witness relating to the conversation was admitted without any objection; and, furthermore, in a signed statement which was introduced in evidence without objection, appellant admitted that in the conversation had in the presence of the undersheriff Vasquez called him Mr. Hoover and said that he had given him $2,000. Conceding, without deciding, that the questions and answers to which objection was interposed violated the hearsay rule, the error was harmless. Dean v. United States, 5 Cir., 246 F. 568; Garanflo v. United States, 8 Cir., 246 F. 910; Gregorat v. United States, 5 Cir., 249 F. 470; White v. United States, 1 Cir., 30 F.2d 590, certiorari denied, 279 U.S. 872, 49 S.Ct. 513, 73 L.Ed. 1008; Kubik v. United States, 8 Cir., 53 F.2d 763; Cf. Pandolfo v. United States, 10 Cir., 128 F.2d 917, certiorari denied, 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524.

■ Complaint is made that a witness testified in respect to a certain record of the railroad company without it first being shown that the record was authentic or accurate, and also that another witness testified as an expert without his qualifications being first shown. But in neither instance was objection or exception lodged against the testimony on the ground now urged. Therefore the question cannot be reviewed. Reavis v. United States, 10 Cir., 106 F.2d 982.

■ The action of the court in permitting the cross examination of appellant respecting his previous conviction on one charge and his arrest on other charges is challenged. Appellant was asked on cross examination whether he had been convicted on a charge of grand larceny and had served a term in the penitentiary, and he answered in the affirmative. The objection to the question was that it was incompetent, immaterial, and not proper cross examination. On redirect examination, he testified at length with respect to the facts underlying the charge and conviction, with respect to the failure of his then attorney to perfect an appeal in the case, and with respect to his being paroled. And he further testified on redirect examination that since his one prior conviction, he had not been arrested on any other charge except in this case. On recross examination, he was asked about specific instances in which he was arrested on different charges and he admitted them. When a defendant in a criminal case testifies in his own behalf, he may be asked on cross examination whether he has been convicted on a prior charge. The testimony is admissible for the purpose of impeachment. Walker v. United States, 4 Cir., 104 F.2d 465; Matthews v. United States, 5 Cir., 145 F.2d 823. And since appellant himself in the course of redirect examination opened up the question whether he had been arrested on other charges, it was not error for the government to cross examine him about the matter. Banning v. United States, 6 Cir., 130 F.2d 330, certiorari denied, 317 U.S. 695, 63 S.Ct. 434, 87 L.Ed. 556.

■ Certain parts of the instructions of the court are attacked. But no objections or exceptions were taken to the instructions and therefore the questions sought to be presented are not open to review. Berenbeim v. United States, 10 Cir., 164 F.2d 679, certiorari denied, 68 S.Ct. 454.

■ Error is assigned upon the refusal of the court to give to the jury certain requested instructions. The instructions of the court fairly and adequately covered the issues in the case, and it is within the province of a court to refuse to give requested instructions even though they are correct statements of applicable law if the subject matter has been appropriately covered in the general instructions of the court. Martin v. United States, 10 Cir., 100 F.2d 490, certiorari denied, 306 U.S.

649, 59 S.Ct. 590, 83 L.Ed. 1048; Troutman v. United States, 10 Cir., 100 F.2d 628; Berenbeim v. United States, supra.

■ The final contention is that the court erred in denying the motion for a new trial. The disposition of a motion for new trial rests in the sound judicial discretion of the trial court. Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied, 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524. No abuse of discretion is shown here.

The judgment is affirmed.