**B. H. NEWMAN, John Raiford and Kenneth Tapley,**

v.

**UNITED STATES of America.**

**No. 15049.**

United States Court of Appeals, Fifth Circuit.

March 22, 1955.

Rehearing Denied April 21, 1955.

T. Reuben Burnside, Thomson, Ga., Isaac S. Peebles, Jr., Augusta, Ga., for appellants.

William C. Calhoun, U. S. Atty., Augusta, Ga., Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellant Newman [1] and 16 other persons were indicted in Count One for conspiracy to violate federal liquor laws.[2]

---

1. Raiford and Tapley also appealed, but only the appeal of Newman is considered here. Neither of the others perfected his appeal nor filed a brief. Both Newman and the United States treat the other appeals as having been abandoned.

2. 18 U.S.C.A. § 371; Internal Revenue Code, former sections 2803(a), 2810, 2831, 2833(a), 3115, 3116 and 3321, 26 U.S.C.A.

Appellant was also charged in seven subsequent counts with specific substantive offenses. He was convicted on the conspiracy charge and on four substantive counts,[3] and was sentenced to two years' imprisonment. His appeal lists thirteen specifications of error which may be condensed into three general questions: Did the Court err in admitting evidence of appellant's prior convictions for similar offenses? Was there sufficient evidence to support the verdict? Was the charge so erroneous and confusing as to require reversal?

Appellant testified in his own behalf, and during cross-examination, the prosecuting attorney questioned him at length about prior convictions for similar violations. This was permitted over appellant's objection that his character was not in issue and that the information was not impeaching of any evidence given on direct examination.

■ Appellant had, of course, testified as to facts tending to exonerate himself of the charges, and his credibility as a witness was certainly in issue. The evidence of prior convictions was restricted in the offer and in the charge to impeachment of appellant's credibility, and was admissible for that purpose.[4]

In attacking the sufficiency of the evidence, appellant points out that the only direct evidence of his complicity in the crimes was the testimony of one Williford, a member of the "ring". He argues primarily that this informer's testimony is so contradictory and so patently false that the trial judge should have instructed the jury to disregard it.

■■ Williford testified that he was employed by the Government as a spy or "stool pigeon"; that while hauling whiskey for the group, he used one of appellant's trucks; and that often appellant and others would unload whiskey from the truck into their private automobiles.

On cross-examination, this witness became confused and made conflicting statements about the length of his Government "service" and the procedure and amount of his payment. His testimony was clearly admissible; and we need not cite authority for the principle that an attack upon the credibility of a witness, being peculiarly a jury issue, presents nothing for appellate review.

■■ In addition to the informer's testimony, there is evidence that one of the vehicles seized while transporting untaxed whiskey had been sold to appellant ten days prior to the seizure. There is also the testimony of a witness who said he had bought whiskey from a B. H. Newman, whom he found by consulting the telephone directory. He would not identify appellant personally, but it was shown that only one B. H. Newman was listed in the directory at the time in question and that the address listed under that name matched the place described by the witness. There is, of course, contrary evidence; but we think the record discloses ample evidence to support the verdict.

■ In regard to the charge, it is sufficient to say that appellant entered only one objection thereto and that this alleged error was corrected by additional instructions. Nonetheless, we have reviewed the charge; and while we agree with appellant that it was not as comprehensive or as clear as it could have been, we think it sufficiently presented the issues to the jury. No patent error or substantial prejudice to the appellant is revealed.

No useful purpose would be served by detailed discussion of complaints made against remarks by the judge during the trial. It should suffice to say that we have examined the record thoroughly and find no reversible error.

Affirmed.

3. One count charging possession of untaxed spirits, and three counts for removing and concealing spirits with intent to defeat the tax.

4. Duncan v. United States, 5 Cir., 197 F. 2d 935; Hargett v. United States, 5 Cir., 183 F.2d 859; Russell v. United States, 5 Cir., 146 F.2d 129; Matthews v. United States, 5 Cir., 145 F.2d 823.