GOVERNMENT OF GUAM, Appellee

v.

ANACLETO M. ALEGRE, Appellant

Criminal Case No. 19-A

District Court of Guam

Appellate Division

January 21, 1963

*Counsel for Appellee:* ROBERT B. LOOBY, *Deputy Island Attorney,* Office of the Attorney General, Government of Guam

*Counsel for Appellant:* REYES & LAMORENA (A. T. LAMORENA, of counsel)

Before GILMARTIN (deceased), *Presiding Judge;* FURBER, *Chief Justice,* High Court of the Trust Territory of the Pacific Islands and DUENAS, *Judge,* Island Court of Guam

PER CURIAM

### OPINION

This is an appeal from a conviction in the Island Court of Guam of the offense of Assault and Battery in violation of Sections 240 and 242 of the Penal Code of Guam.

The appellant in his brief has argued four points of law, namely:—

1. The appellant was justified in committing the offense charged.

2. The appellant committed the offense through misfortune or by accident.

3. The evidence is insufficient to warrant a conviction beyond a reasonable doubt and the judgment is the result of passion and prejudice.

4. The sentence is excessive.

In our opinion, however, these points all boil down to the point that, from the appellant's point of view, the trial judge believed the wrong witness and was unduly influenced by the fact, brought out in cross-examination of the accused, that he had been convicted in the District Court of Guam of the felony of Assault and Battery with a Deadly Weapon a little over four and one-half years before the incident involved in the present one. There is not a shred of evidence in the record, beyond the finding and sentence to which the appellant objects, to show any passion or prejudice on the part of the trial judge, and we find no legitimate basis for any claim that there was such passion or prejudice.

There was a sharp conflict in the testimony. The only eyewitnesses to the event who testified were the victim and the accused. The only other witnesses were the Department of Public Safety Sergeant to whom the accused reported the incident, and the Department of Public Safety Patrolman who investigated it very shortly after it happened and took the victim to the hospital. It was stipulated at the trial that the victim was intoxicated at the time he reached the hospital and, further, that he had lacerations on his right ear, neck, and shoulder. The victim testified that these lacerations were the result of an unprovoked attack on him by the accused with a bolo knife. The accused admitted he had injured the victim with the bolo knife, but claimed that he had not intended to do this and was merely defending himself against an alleged, threatened attack by the victim with a stick about four feet long and around two inches by two inches thick. Obviously, if

the trial judge had believed the accused, he should not have found him guilty, but it is equally clear from the trial judge's findings of fact and conclusions of law that he didn't believe the accused and did believe the victim.

As stated in 3 Am. Jur., Appeal and Error, Section 901:

"It is a well-established principle that the trial court's findings of fact upon conflicting evidence are binding on appeal and will not be disturbed by the appellate court where they are reasonably supported or sustained by some substantial, credible, and competent evidence, and where no error prejudicial to the appellant occurred in the ruling on the admission of evidence."

See also:

*Symons v. United States* (9th Cir., 1949), 178 F.2d 615, in which the court stated at page 620:—"It is the duty of the trial court and not this court to weigh such conflicts in the testimony and to determine the credibility and truthfulness of the witnesses."

*United States v. Bazzell* (7th Cir., 1951), 187 F.2d 878, where it is stated by the court at page 881:—"Bazzell's first contention is that there was no kidnapping under the statute, that is to say, the evidence did not sustain the verdict. As to this contention, it is well to remember that under the long and well-established law we may consider only that evidence favorable to the plaintiff. We are not permitted to weigh conflicting evidence, but must test the sufficiency of the proof upon the basis of what the jury had the right to believe, and not upon what defendant claims the jury should have believed."

We consider that the evidence favorable to the Government which the trial judge had the right to believe, was amply sufficient to support the finding.

The appellant also complains of the court's admission, over the objection of the appellant, of the acknowledgment by the accused in cross-examination that he had been found guilty of a felony of Assault and Battery with a Deadly Weapon in the District Court of Guam allegedly some four years and seven months before the incident involved in this case, although the accused stated he was not sure of the date.

The general proposition that an accused who takes the witness stand voluntarily to testify in his own behalf thereby waives his immunity from self-incrimination and subjects himself to cross-examination for purposes of impeachment as well as to cross-examination as to the matters about which he was examined in chief, is well-established. 58 Am.Jur., Witnesses, Sections 96 and 687; *Raffel v. United States* (1926), 271 U.S. 494, 46 S.Ct. 566.

According to well-established practice in the Federal Courts in the United States and the great weight of authority in the State Courts, this cross-examination of an accused for purposes of impeaching his credibility may include questioning as to prior conviction of serious crime, where this matter is not controlled by express statute. 58 Am.Jur., Witnesses, Section 749; Weiner v. United States (3rd Cir., 1927), 20 F.2d 522; 6 A.L.R. 1635; 25 A.L.R. 346; 103 A.L.R. 362; 161 A.L.R. 266.

It furthermore makes no difference in the application of this rule that the former offense was similar to the one for which the accused is now on trial, so long as no attempt is made to go into the details of the former offense. *Hall v. United States* (D.C. Cir., 1948), 171 F.2d 347; *Newman v. United States* (5th Cir., 1955), 220 F.2d 289.

██ The question of whether the previous conviction was so remote in time or of such a nature as to be plainly without bearing on the witness' credibility is a matter resting largely in the discretion of the trial court, but convictions much more remote in time than that involved here have been held to be admissible, and here the prior conviction was of a felony. We find no abuse of discretion in permitting this conviction to be shown by cross-examination of the accused. 58 Am.Jur., Witnesses, Section 746; *Burgess v. State* (Md., 1931), 155 Atl. 153, 75 A.L.R. 1471.

██ We do not concur in the claim of the Government that the accused here might have been sentenced for the

111

maximum allowed by the Code for both the Assault and the Battery with which he was charged, since the Assault was necessarily included in the Battery. 4 Am.Jur., Assault and Battery, Section 3, note 18. The sentence imposed by the trial court, however, was within the limits authorized for Battery by Section 243 of the Penal Code of Guam, and was, therefore, within the discretion of the trial court. Only in a very extreme case would we consider interfering with the trial court's discretion in the matter of sentence. In the present case, in view of the serious nature of the Assault shown by the Government's witnesses and the accused's prior record (not limited to the felony conviction discussed above), we see no reason to modify the sentence.

The finding and sentence of the Island Court are affirmed.

Due to his death, Judge Gilmartin did not take part in this opinion.