**Bobby Ray REESE and Johnny Cecil Tyler, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 22366.**

United States Court of Appeals Fifth Circuit.

Dec. 9, 1965.

Louis H. Mitchell, Columbus, Ga., for appellant.

Gary B. Blasingame, Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Edward A. Davis, Asst. U. S. Atty., for appellee.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellants and one Wyatt were tried together and found guilty by a jury of violations of 18 U.S.C. § 2312 and 18 U.S.C. § 2313. The indictment charged in count one that the appellants, Wyatt, and one Newman (not a defendant but an alleged co-conspirator) conspired to transport stolen motor vehicles which had moved in interstate commerce; counts two, three, four and five charged Wyatt with transporting stolen motor vehicles; and counts six, seven and eight charged the appellants with receiving stolen motor vehicles.

All the overt acts alleged in count one (the conspiracy count) were stated to have occurred "within the Columbus Division of the Middle District of Georgia." In his opening statement to the jury, government counsel stated that "in one instance a car was stolen one day and two days later it passed through an automobile auction in Macon, Georgia. These Defendants, Reese and Tyler, the evidence will show you, purported to be * * * used car dealers, and they sold these cars as such through various auto auctions." In a motion for mistrial in the court below, and in this appeal, appellants urge that this statement by the government in effect charged appellants with crimes not alleged against them in the indictment, to wit, *selling* stolen cars (the indictment charging only transporting and receiv-

ing stolen cars). It is also urged that the statement of government counsel is a ground for reversal, in that the alleged act of selling stolen cars occurred outside the Columbus Division (Macon not being within the Columbus Division).

Appellants' contentions are without merit, since the selling of cars in Macon may be considered as overt acts in furtherance of the conspiracy. There was evidence produced during the trial to the effect that appellants did in fact sell automobiles involved in this case through an automobile auction in Macon. Therefore, the statement by government counsel was not improper.

■■ An overt act may or may not be a crime in itself. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); Castro v. United States, 296 F.2d 540 (5th Cir. 1961). Furthermore, as this Court stated in Kolbrenner v. United States, 11 F.2d 754, 756 (5th Cir. 1926):

> "The government was not limited to proving the overt acts alleged in the indictment, but could show any act of the conspirators, occurring during the life of the conspiracy, for the purpose of proving it."

See also Finley v. United States, 271 F.2d 777 (5th Cir. 1959), cert. den., 362 U.S. 979, 80 S.Ct. 1065, 4 L.Ed.2d 1014.

■ Finally, the fact that the overt act of selling occurred outside the Columbus Division is immaterial. A conspiracy may be prosecuted either at the place where the conspiracy was formed or at a place where any of the overt acts were committed. Finley v. United States, supra; Moomaw v. United States, 220 F.2d 589 (5th Cir. 1955).

■■ Appellants also urge that error was committed in allowing government counsel to ask appellant Tyler whether he had been previously convicted (in 1958) of the felony of kidnapping. This contention is also without merit. Tyler took the stand in his own defense and therefore could be cross-examined concerning prior convictions. Daniel v. United States, 268 F.2d 849 (5th Cir.

1959); Taylor v. United States, 279 F.2d 10 (5th Cir. 1960); Newman v. United States, 220 F.2d 289 (5th Cir. 1955); Hargett v. United States, 183 F.2d 859 (5th Cir. 1950). The court below properly instructed the jury that evidence of prior convictions went only to the issue of Tyler's credibility, both at the time such evidence was admitted and when the court delivered its charge to the jury.

Affirmed.