Edward James **WHALEN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 23132.

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1966.

**469**

Before WISDOM, BELL and GOD-BOLD, Circuit Judges.

WISDOM, Circuit Judge:

Edward James Whalen appeals from a conviction under the Federal Bank Robbery Act, 18 U.S.C.A. § 2113, and from an order of the trial court denying the defendant's Motion to Correct Sentence under Rule 35 of the Federal Rules of Criminal Procedure.

### I.

Whalen was convicted on both counts of a two-count indictment. The first count alleged that the defendant on or about March 5, 1965,

> by force and violence and by intimidation, did take from the person and presence of Barbara Baker and Priscilla Roberts, the lawful custodians, approximately [$2,271.00] in money, belonging to Home Federal Savings and Loan Association * * *, in violation of Title 18, United States Code, Section 2113(a).

The second count of the indictment alleged that the defendant,

> in committing the act alleged in Count One of this indictment, did assault Barbara Baker and Priscilla Roberts by the use of a dangerous weapon, that is, a gun; in violation of Title 18, United States Code, Section 2113(d).

The defendant was sentenced to six years on each count, the terms to run consecutively.

The imposition of two sentences was invalid since they punish the defendant twice for only one offense. Subsection (d) of Section 2113 defines an aggravated form of the offense proscribed by Subsection (a); it does not state a separate and distinct offense. Prince v. United States, 5 Cir. 1956, 230 F.2d 568, 571–572; Gant v. United States, 5 Cir. 1947, 161 F.2d 793; O'Keith v. United States, 5 Cir. 1946, 158 F.2d 591. We therefore reverse the order denying the defendant's motion to correct sentence and we remand the case to the court below with instructions

Michael A. Lipsky, Miami, Fla., for appellant.

James W. Matthews, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

to vacate the sentence which the defendant has not yet begun to serve.

## II.

After arraignment and before trial Whalen's attorney moved for a psychiatric examination under Title 18 U.S. C.A. § 4244 to determine whether the defendant was competent to stand trial. The motion merely repeated the words of the statute, presenting no factual allegations giving "reasonable cause to believe" the defendant's incompetency. The court correctly denied the motion. Later Whalen's attorney, learning that Whalen had attempted suicide in the county jail, wrote a letter to the district judge renewing his request for a psychiatric examination of the defendant. The district judge replied by letter stating that he would not reconsider the motion but that the issue could be raised at the trial. The defendant failed to file any motion for reconsideration at or before the trial. On appeal, however, he argues strongly that the court erred in denying a psychiatric hearing.

■ Pleadings are far less formal than they used to be. But pleadings have not degenerated to the point where a letter from an attorney to a trial judge complies with the requirements of modern pleadings. In this case, however, the interests of justice require this Court to remand the case for a psychiatric examination and a subsequent court hearing to determine, in the words of Section 4244, whether the defendant at the time of the trial was "so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense". Lewellyng v. United States, 5 Cir. 1963, 320 F.2d 104, 105; United States v. Day, 6 Cir. 1964, 333 F.2d 565; United States v. Walker, 6 Cir. 1962, 301 F.2d

211, 215. If the hearings result in a finding that the defendant was incompetent at the time of the trial, then the judgment must be vacated and the case retried.

## III.

■ The court did not commit error when it asked the defendant if he had been convicted of more than one felony after the defendant had admitted that he had been convicted of one felony. The law is settled in this circuit that for purposes of impeachment evidence of prior convictions may be introduced against a defendant who takes the witness stand.[1] The rule of impeachment by prior conviction is not limited to the mention of only one conviction or of simply "prior conviction". See, for example, Kemp v. Government of Canal Zone, 5 Cir. 1948, 167 F.2d 938, 940 (two felonies); Russell v. United States, 5 Cir. 1945, 146 F.2d 129 ("previous convictions of crime"); Matthews v. United States, 5 Cir. 1945, 145 F.2d 823 ("other felonies").

## IV.

■ Finally, the defendant contends that certain motel registration cards were wrongfully admitted because the defendant was given no chance to see them before trial despite a court order requiring the Government to permit the defendant to inspect "any papers, books, photographs and objects or other tangible things which the government has in its possession". On the showing made to this Court, the admission of the cards, if erroneous, was not so prejudicial as to constitute reversible error. Fed.R. Crim.Proc. Rule 52(a).

\* \* \*

The judgment is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

1. Taylor v. United States, 5 Cir. 1960, 279 F.2d 10, 12; Daniel v. United States, 5 Cir. 1959, 268 F.2d 849, 852; Newman v. United States, 5 Cir. 1955, 220 F. 2d 289, 290 cert. denied 350 U.S. 824, 76 S.Ct. 51, 100 L.Ed. 736, rehearing denied 350 U.S. 897, 76 S.Ct. 148, 100 L.Ed. 789; Siglar v. United States, 5 Cir. 1954, 208 F.2d 865, 868 cert. denied 347 U.S. 991, 74 S.Ct. 854, 98 L.Ed. 1125; Kemp v. Government of Canal Zone, 5 Cir. 1948, 167 F.2d 938, 940; Russell v. United States, 5 Cir. 1945, 146 F.2d 129; Matthews v. United States, 5 Cir. 1945, 145 F.2d 823.