**UNITED STATES of America**

v.

**John Jacob WELTY, James Hughey, Calvin Frederick Robichaw, Appellants.**

**Nos. 17919–17921.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 2, 1970.

Decided May 8, 1970.

**616**

John W. Packel, Philadelphia, Pa., for appellants.

J. Clayton Undercofler, III, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Anthony F. List, Asst. U. S. Atty., on the brief), for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

Defendant Welty was convicted on four counts under the Federal Bank Robbery Act (18 U.S.C. § 2113) and a count for conspiracy, all relating to the same bank robbery. On April 12, 1965, he was sentenced to imprisonment on the five counts, as follows:

Count 1: conspiracy in violation of 18 U.S.C. § 371—four years.

Count 2: robbery in violation of 18 U.S.C. § 2113(a)—four years.

Count 3: unlawful entry with intent to commit a felony in violation of 18 U.S.C. § 2113(a)—four years.

Count 4: taking and carrying away money with intent to steal in violation of 18 U.S.C. § 2113(b)—four years.

Count 5: unlawful assault with a dangerous weapon in the commission of the above offenses other than conspiracy in violation of 18 U.S.C. § 2113(d)— four years.

The sentences on the first three counts were made consecutive, and the sentences on counts 4 and 5 each were made concurrent with the sentence on count 3.

Two years later, on May 16, 1967, Welty filed a motion under Federal Rule of Criminal Procedure 35 to correct what he claimed were illegal sentences under the bank robbery convictions.[1] The petition was founded on the claim that the sentences under § 2113 were multiple sentences for a single offense, in violation of the principle of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), under which there can be a valid sentence only on one of these four counts.[2] The district judge denied the motion. He distinguished Prince and concluded that there was no forbidden pyramiding of sentences because here the total of the sentences under the four counts was below the statutory maximum for any one of them, whereas in Prince the combined sentences exceeded the statutory maximum for each count. He therefore held that the sentences, which carried out his intention that Welty should receive a total of 12 years imprisonment, should stand unchanged.[3]

In Prince, the Supreme Court was called upon to construe the intention of Congress in enacting § 2113. The Court held that where there was a conviction of bank robbery the lesser offense of entering a bank with intent to commit robbery was merged into it and that Congress did not intend in such a case that separate punishments should

---

1. Rule 35 provides:
   "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The Court may reduce a sentence within 120 days after the sentence is imposed, * * *"

2. Welty's petition alleged that "For purposes of sentencing, the offenses charged in counts three, four and five must be considered as merged with the offense charged in count two." But since count 5 rather than count 2 states the offense in its most inclusive form, the sentences under counts 2, 3, and 4 merged with the sentence under count 5, and we treat the petition as so claiming. Cf. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

3. United States v. Welty, 287 F.Supp. 580 (E.D.Pa.1968).

be imposed under the statute for both the merged and ultimate offenses.[4]

▮ *Prince* did not merely bar the imposition of a series of sentences greater than what Congress intended. It forbade the district courts from exceeding their power by imposing multiple sentences as if separate crimes had been committed when in fact Congress had created but one ultimate offense.

The principle of *Prince* may not be made inoperative because of the fact that the total of the sentences pyramided in that case actually exceeded the maximum sentence authorized on either count. This is demonstrated by Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) where the court held unjustified a separate sentence for violation of subsection (c) of § 2113 where the defendant was guilty of violating subsection (d). The court held that it was not the intention of Congress to multiply offenses by punishing a bank robber guilty under subsection (d) by also imposing a sentence under subsection (c) for receiving or possessing property knowing it to have been stolen from the bank. The facts show that the total of the sentences on both counts in *Heflin* was less than the statutory maximum authorized for the valid subsection (d) count alone. Similarly, in our recent decision in United States v. Chester, 407 F.2d 53 (3 Cir.),

cert. denied 394 U.S. 1020, 89 S.Ct. 1642, 23 L.Ed.2d 45 (1969), handed down after the district court's decision in this case, we held that a five-year sentence under subsection (b) and a consecutive ten-year sentence under subsection (a) of § 2113 "were pyramided in violation of the rule announced in Prince v. United States," [5] even though a maximum sentence of 20 years was permissible on the count under subsection (a).[6]

Nor may the sentences be swept together as if they were imposed as one general sentence, since in fact there was no general sentence but instead separate sentences on each of the four bank robbery counts.[7]

It is argued that the sentence of four years under count 5 may be increased to eight years because this is the total sentence the judge intended for the bank robbery counts. We must, therefore, consider the power of a judge to increase the term of a valid sentence after it has been imposed.

▮▮ At common law a court was in general without power to set aside or modify its criminal judgment after the expiration of the term at which it was entered.[8] It was to abolish this term rule in the federal courts that Rule 35 was adopted, conferring jurisdiction to correct an illegal sentence regardless of the expiration of the terms.[9] Under

---

4. Although *Prince* dealt only with § 2113 (a), later cases have made clear that its rationale extends to the combinations possible under the various subsections of § 2113 and that sentence under any part of § 2113 precludes a separate sentence under another part. See, e. g., Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); United States v. Chester, 407 F.2d 53 (3 Cir.), cert. denied 394 U.S. 1020, 89 S.Ct. 1642, 23 L.Ed.2d 45 (1969); Whalen v. United States, 367 F.2d 468 (5 Cir. 1966); United States v. Gardner, 347 F.2d 405 (7 Cir. 1965), cert. denied 382 U.S. 1015, 86 S.Ct. 626, 15 L.Ed.2d 529 (1966); United States v. Poindexter, 293 F.2d 329 (6 Cir. 1961), cert. denied 368 U.S. 961, 82 S.Ct. 406, 7 L.Ed.2d 392 (1962); Kitts v. United States, 243 F.2d 883 (8 Cir. 1957).

5. 407 F.2d at 55.

6. See also, e. g., Whalen v. United States, 367 F.2d 468 (5 Cir. 1966). The same result was reached prior to *Prince* in a case indistinguishable from the present case: Miller v. United States, 147 F.2d 372 (2 Cir. 1945).

7. See Miller v. United States, 147 F.2d 372, 374 (2 Cir. 1945).

8. United States v. Mayer, 235 U.S. 55, 67–69, 35 S.Ct. 16, 59 L.Ed. 129 (1914), (Hughes, J.). See also 2 Bishop, New Criminal Procedure § 1298 (2d ed. 1913).

9. Heflin v. United States, 358 U.S. 415, 421, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) (Stewart, J. concurring).

Rule 35 there is no time limit for the correction of an illegal sentence, but a period of 120 days is fixed for the reduction of a sentence.

We would open the door wide to an invasion of the rights of defendants if an attack by a defendant on an illegal sentence could be employed for reconsideration of the sentences on other counts which are valid and which he has not attacked, in order to award the government the same ultimate punishment as that originally imposed on all the counts. Here the government did not move to correct an illegal sentence. The motion was made by the defendant, and yet because his attack has been proven justified and the sentence under three of the counts must be declared invalid, the government in effect has been given an increase in the sentence under the valid count. To permit this would be to convert the relief provided by Rule 35 on behalf of defendants into a measure by which a kind of compensating remedy could be obtained by the government to preserve the effect of the invalid sentences.

■ The result sought by the government may not be justified by resort to what is said to be the intention of the sentencing judge that the defendant be imprisoned for a total of 12 years, eight years on the bank robbery counts and four years on the conspiracy count. In this case, it is true, the transcript of the sentence proceeding shows clearly that the sentencing judge explained to the defendant that his sentence was for a maximum term of 12 years.[10] But his statement was made in the belief that the defendant was guilty of five separate offenses under which the judge could have imposed sentences of imprisonment totaling 80 years. It is therefore impossible, even in this case, to determine whether the judge would have decided on sentences totaling 12 years if he had known that the defendant was guilty on counts for which the combined maximum sentence was 30 years imprisonment. This illustrates the undesirability of attempting to reconstruct the intention of the sentencing judge from indications, however unambiguous, of his intention at the time he acted under a misapprehension of the law.

We recently pointed out in another context that "History records illustrations enough of the evils which might ensue if judgments of sentence could be tampered with by subsequent oral evidence of their intentions contrary to the meaning of the words used."[11] For, as the Second Circuit said in rejecting a similar attempt to increase a sentence to conform with the supposed intention of the sentencing judge: "The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners."[12]

■ There is, moreover, an objection which adds a constitutional dimension to our unwillingness to permit the government to obtain an increase in the term of imprisonment under a valid count in order to compensate it for the invalidity of the sentences under related counts. We meet here the prohibition of the Fifth Amendment that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." It is well settled that the constitutional protection of a defendant is not limited to the technicality of conviction alone, but also includes a resentence for the same offense. "For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict?" Ex parte Lange, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1874).[13]

10. 287 F.Supp. at 583–584.

11. United States ex rel. Speaks v. Brierley, 417 F.2d 597, 602 (3 Cir. 1969).

12. United States v. Sacco, 367 F.2d 368, 370 (2 Cir. 1966).

13. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ; United States v. Benz, 282 U.S. 304, 307–309, 51 S.Ct. 113, 75 L.Ed. 354 (1931). See also Note, 75 Yale L.J. 262, 313–17 (1965).

Added punishment under a valid sentence simply because the defendant has successfully shown the invalidity of the sentence under another count is a plain violation of the constitutional protection. It may not be justified because the sentencing judge would have imposed the higher penalty if he had been aware of the invalidity of the sentence imposed on the other counts.[14]

█ Welty's motion to correct the illegal sentences should have been granted. The sentences under counts 2, 3, and 4 should be declared invalid and vacated, and the sentences under count 1 for conspiracy and count 5 for violation of § 2113(d) will stand as originally imposed for terms of four years each.[15]

The appeals of defendants Hughey and Robichaw present substantially similar questions.[16] The facts in their case are less favorable to the government in regard to record indications of the intention of the sentencing judge. We need not restate in detail the facts relating to each of their cases. They are governed by the principles here announced, and these require the granting of their motions to correct the sentences imposed upon them.

The orders of the district court dismissing the motions to correct the sentences in the appeals of Welty, Hughey and Robichaw respectively will be reversed and their cases remanded for further proceedings in accordance with this opinion.

14. United States v. Adams, 362 F.2d 210 (6 Cir. 1966) ; Duggins v. United States, 240 F.2d 479, 482 (6 Cir. 1957) ; Ekberg v. United States, 167 F.2d 380, 388 (1 Cir. 1948).

15. Welty raises for the first time, on appeal, the contention that the conspiracy sentence under § 371 is invalid because there can be no consecutive punishment for conspiracy following the punishment for the substantive offense. The argument is without merit. Callanan v. United States, 264 U.S. 587, 593, 597, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961) ; Pereira v. United States, 347 U.S. 1, 11-12, 74 S.Ct. 358, 98 L.Ed. 435 (1954) ; Pinkerton v. United States, 328 U.S. 640, 643-645, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) ;

McHenry v. United States, 308 F.2d 700, 704 (10 Cir. 1962).

16. On October 7, 1966, James Hughey and Calvin Frederick Robichaw were sentenced on five counts, parallel to those in the *Welty* case, arising from a single bank theft in which they participated. Hughey was sentenced to five consecutive terms of four years each. Robichaw received five-year sentences on all five counts, the first three sentences to run consecutively and the last two concurrently with the sentence on count 3, and further, the sentences on counts 3, 4, and 5 were suspended and Robichaw placed on probation for the period of those sentences.