**UNITED STATES of America**

v.

**Walter John SMITH, Defendant.**

No. 75 Cr. 1112.

United States District Court,
S. D. New York.

Jan. 14, 1976.

Thomas J. Cahill, New York City, U. S. Atty., for Government; by Thomas E. Engel, John S. Siffert, Asst. U. S. Attys., New York City, of counsel.

Peter L. Wolff, Washington, D. C., for defendant.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is a motion by defendant Walter J. Smith to dismiss an indictment on the ground that he has been denied a speedy trial in violation of the Fifth and Sixth Amendments. See Rules 2 and 48(b) of the Federal Rules of Criminal Procedure. The indictment charges 17 defendants with fourteen counts of conspiracy to violate or actual violations of the narcotics laws. Smith is named in the one conspiracy count.

Smith was arrested for possession and distribution of narcotics in the District of Columbia on June 30, 1972. That complaint was dismissed for failure to show probable cause. On July 12, 1972, an indictment (No. 1417–72) was filed in the District of Columbia charging Smith with possession with intent to distribute, and unlawful distribution of 41.9 grams of cocaine and 52.6 grams of heroin based on the June 30, 1972 transaction. On September 25, 1972, at the government's request, the indictment was dismissed without prejudice. Two days later a new indictment (No. 1875–72) was returned naming Smith and a co-defendant with conspiracy, possession and distribution, arising out of the June 30, 1972 incident. On December 12, 1972, the case was scheduled for trial. Due to the unavailability of an essential government witness, the case could not go forward. The Court on its own motion dismissed the indictment without prejudice.

No charges have been pending against Smith from that time until May 7, 1975, when an indictment (75 Cr. 455) was filed in the Southern District of New York naming Smith and five others. That indictment was twice superseded by indictments filed on July 28, 1975 (75 Cr. 747) and August 5, 1975 (75 Cr. 788) charging sixteen defendants. On November 18, 1975, the present indictment (75 Cr. 1112) was filed naming a total of 17 individuals including Smith.

Trial on indictment 75 Cr. 1112 is scheduled to begin on January 21, 1976. Defendant's speedy trial claim is not based on any delay between the latest indictment and the scheduled trial. Rather, Smith complains of delay beginning on June 30, 1972, the date of his first arrest.

The Supreme Court has formulated different standards for evaluating delay which occurs prior to indictment, *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and that which transpires between indictment and trial, *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). So-called "pre-indictment delay", i. e., from the time an individual commits a crime until he is formally charged, does not raise any issue under the speedy trial guarantee of the Sixth Amendment, *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468, 474 (1971). The primary safeguard against bringing stale charges are the statutes of limitations. *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627, 631 (1966). They do not represent the exclusive protection and pre-indictment delay may also raise an issue under the due process clause. *United States v. Marion*, 404 U.S. at 324, 92 S.Ct. at 465, 30 L.Ed.2d at 480. A defendant must show "actual prejudice to the conduct of the defense" or "that the Government intentionally delayed to gain some tactical advantage over [defendants] or to harass them" 404 U.S. at 325, 92 S.Ct. at 466, 30 L.Ed.2d at 481; *United States v. Finkelstein*, 526 F.2d 517,

at 526 (2d Cir. 1975). Regardless of actual prejudice, the government may overcome the defect by establishing justification for the delay, at 526.

On the other hand, post indictment delay falls squarely within the speedy trial guarantee. The Supreme Court has indicated that a balancing test should be used and has identified four factors as being particularly relevant: length of delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 116 (1972).

The defendant suggests that the stricter speedy trial standards should be applied from the time of his first arrest in June, 1972. He argues that this was the point when he was first called upon to answer charges. See *United States v. Lara,* 520 F.2d 460 (D.C.Cir.1975). The government's position is that the speedy trial standards do not apply because he is not presently being held for the same charges.

In deciding which standard to apply, the District of Columbia charges must be compared with the present indictment. The last District of Columbia indictment (72 Cr. 1875) charged Smith and Marvin Cherry, who is not named in any of the Southern District indictments, with conspiracy to distribute and distribution of heroin and cocaine solely related to the events of June, 1972.

The present indictment (75 Cr. 1112) charges Smith and 16 others with a conspiracy to violate the narcotics laws from January 1969 to December 6, 1973. Smith is named in five overt acts: three are deliveries of a case of lactose to various Washington, D. C. locations (6, 10, 29); one is a delivery of a case of lactose coupled with the receipt of two ounces of heroin (30); and the final act is the June 10, 1972 distribution (31).

At this pretrial stage, it is clear to me that the Southern District conspiracy charge is substantially different from the District of Columbia charge. Although both contain conspiracy counts there is a vast dissimilarity in nature, scope, duration, number and identity of participants.

It is of no crucial importance that the June 1972 transaction is an overt act in the present indictment. An overt act which if prosecuted as a separate offense would be barred by the statute of limitations may nevertheless be presented as an overt act under a conspiracy charge. *United States v. Portner,* 2 Cir., 462 F.2d 678 (2d Cir.) *cert. denied,* 409 U.S. 983, 93 S.Ct. 319, 34 L.Ed.2d 246 (1972). I see no greater danger in permitting the government to use as an overt act criminal conduct which might have raised a due process or speedy trial problem if prosecuted as a separate offense. Here the criminal enterprise is alleged to have continued for a year and a half after the original arrest. The June 30, 1972 incident was neither the first nor the last act in furtherance of the conspiracy and should not be the measuring point for defendant's claims.

The government may well have been content to let the December 12, 1972 dismissal stand. When the government formed the belief that the isolated transactions were actually part of a larger criminal enterprise, it was free to indict for the crime of conspiracy.

Since the two sets of indictments are fundamentally different, the delay is to be measured not from the filing of the original charge but rather the conclusion of the conspiracy or the point at which the government learned of defendant's participation, whichever occurred later. Preindictment standards would, therefore, be applied.

The motion to dismiss is denied without prejudice to its renewal at the close of the government's case. At that point, both the Court and the parties will be in a better position to evaluate the length and circumstances surrounding any delay.

Defendant moves in the alternative under Rule 21(b), Fed.R.Crim.Proc. to transfer venue to the District of Columbia on the ground that the convenience of the parties and witnesses will be better served. There

**4**

is no suggestion that the venue is improper, 18 U.S.C. § 3236. Rather, the defendant appeals to the discretion of this Court. *United States v. United States Steel Corp.*, 233 F.Supp. 154, 156, n. 3 (S.D.N.Y.1964).

The conspiracy count charges overt acts which took place at least partially in three states and the District of Columbia. It is this Court's view that the interests of justice and judicial economy would be enhanced by trying all defendants in the same district. A severance at this point would only serve to aggravate the delay of which Smith already complains.

The motions to dismiss and transfer venue are denied.

SO ORDERED.