Jerry WORD, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 84 Civ. 3141 (MP).

United States District Court,
S.D. New York.

Aug. 3, 1984.

Jerry Word, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Daniel N. Perlmutter, Asst. U.S. Atty., New York City, for respondent United States of America.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Petitioner Jerry Word brought this motion pursuant to 28 U.S.C. § 2255 to attack the validity of his January 4, 1983 criminal conviction, entered following a jury trial before this Court and affirmed on appeal, on charges that (1) he conspired to distribute heroin and to possess it with intent to distribute it and (2) he on one occasion attempted to possess an amount of heroin with intent to distribute it.

Word contends that his conviction must be set aside because of two purported flaws in the superceding indictment which was the basis of his conviction. First, he asserts that the conspiracy count of the indictment was fatally defective and violative of Fed.R.Cr.P. 8(a) because it purportedly "misjoined" two separate offenses in one count. Second, he asserts that venue in the Southern District of New York was improper because two overt acts enumerated in the conspiracy count were committed outside this district.

Word has moved for an evidentiary hearing which he claims is necessary to further air these allegations.

The United States contends in its answering papers that Word's claims should be rejected summarily on the ground that they have already been presented to and rejected by the Court of Appeals on direct appeal.

The Court has carefully considered petitioner's contentions and for the reasons which follow concludes they are without merit. Since this determination raises no issues which turn on disputed questions of fact, the Court accordingly denies petitioner's motion for an evidentiary hearing.

To the extent that Word's "misjoinder" contention raises an issue not already unsuccessfully raised by him on appeal,[1] it is the claim that the narcotics conspiracy count was impermissibly duplicitous because it enumerated overt acts which themselves constituted completed substantive violations of the narcotics laws. In essence, plaintiff theorizes that an indictment may not in the same count charge conspiracy and enumerate, as overt acts, completed criminal conduct of the sort contemplated by the conspiracy.

■■■ This claim of misjoinder, even if it is one capable of being raised at this stage of the criminal process, is unsupportable and contrary to well-established law. There can be no doubt that the government is free to enumerate and prove, as overt acts to a conspiracy count, completed substantive crimes which were the object of the conspiracy, regardless of whether or not an additional count directly charges the substantive violations. *Miller v. United States*, 4 F.2d 228, 230 (7th Cir.), *cert. denied*, 268 U.S. 692, 45 S.Ct. 511, 69 L.Ed. 1160 (1925) ("We can see no logical reason why the overt act may not be charged to be one which was the purpose of the conspiracy.").

*See also United States v. Boyle*, 338 F.Supp. 1028, 1034–35 (D.D.C.1972) ("[T]he fact that the overt acts in the conspiracy count are the same acts charged in the substantive counts does not render the indictment deficient."); *Reese v. United States*, 353 F.2d 732, 734 (5th Cir.1965) ("An overt act *may* or may not *be a crime in itself.*" (emphasis added)). *Cf. United States v. Smith*, 412 F.Supp. 1, 3 (S.D.N.Y. 1976) ("An overt act which if prosecuted as a separate offense would be barred by the statute of limitations may nevertheless be presented as an overt act under a conspiracy charge.").

Petitioner's claim of improper venue with respect to the conspiracy count likewise is without merit. Essentially, petitioner contends that venue did not properly lie in the Southern District of New York because the same overt acts with regard to which he claimed misjoinder did not take place in this district.[2]

Venue is proper in any district in which the offense was committed. Fed.R.Cr.P. 18. The "offense" in question herein was the *single* conspiracy alleged in count one and proved at trial, conviction for which was upheld on appeal over defendant's claim that the evidence at trial failed to establish a single conspiracy.

■■■ It is firmly settled law that a conspiracy may be prosecuted in any district in which the agreement was formed or in which there was an act in furtherance of the conspiracy. *E.g., United States v. Lewis*, 676 F.2d 508, 511 (11th Cir.1982). The conspiracy count in the superceding indictment alleged overt acts committed in the Southern District of New York. Thus it is evident that venue with respect to the conspiracy count was proper in this district.

---

**1.** Word contended in his brief before the Court of Appeals that the government had failed to establish that he was a member of a single and continuing ongoing conspiracy in the Southern District of New York. The Court of Appeals rejected this claim, thereby barring petitioner from relitigating that question. *E.g., Castellana v. United States*, 378 F.2d 231 (2d Cir.1967).

**2.** In light of the obvious flaws of this argument on the merits, the Court need not address the question of whether such a claim of improper venue may be raised now, at a time when the trial is complete and the appeal rejected.

## CONCLUSION

Accordingly, the Court concludes, without need for an evidentiary hearing, that plaintiff is entitled to no relief and his motion under 28 U.S.C. § 2255 is hereby denied in all respects.

SO ORDERED.