**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

ANDREJ SARKOEZI, a/k/a Andrew

No. 99-4158

Smith, a/k/a Andre Sar, a/k/a
Ondrej Sarkoezi; MAGDALEN
KARWAY SARKOEZI, a/k/a Magda
Smith, a/k/a Magda Sar,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-98-140)

Submitted: May 31, 2000

Decided: June 28, 2000

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Camille M. Abate, ABATE & PREUSS, New York, New York, for
Appellants. Mark T. Calloway, United States Attorney, Brian L.
Whisler, Assistant United States Attorney, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrej Sarkoezi and Magdalen Sarkoezi each pled guilty to one count of conspiracy to transport stolen goods, wares, and merchandise with a value of $5000 or more in interstate commerce, and conspiracy to receive, conceal, store or dispose of said goods, knowing the goods to have been stolen, converted or taken by fraud in violation of 18 U.S.C. § 371 (1994). On appeal, the Sarkoezis claim that: (1) the district court was without jurisdiction because the indictment did not charge a criminal offense; (2) the Government breached the plea agreement; (3) counsel was ineffective; and (4) they were denied due process of law because the Government breached the plea agreement and counsel was ineffective. Finding no reversible error, we affirm.

"To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). An indictment that tracks the language of the statute is generally sufficient to apprise the defendant of the charged criminal conduct. See United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987). Because the indictment in this instance tracked the language of the statute, we find that it charged criminal conduct. This claim also fails insofar as the Sarkoezis contend that the overt acts depicted in the indictment do not describe criminal conduct. The overt acts are not the charged crime and do not have to describe criminal conduct. See United States v. Jerkins, 871 F.2d 598, 602-03 (6th Cir. 1989); Reese v. United States, 353 F.2d 732, 734 (5th Cir. 1965).

We also find that the Government did not breach the written plea agreements. The Sarkoezis claim that the Government orally agreed to rely on the presentence investigation report in its determination as

2

to the value of the art. The Sarkoezis also claim that the Government agreed to file a motion for downward departure under U.S. Sentencing Guidelines § 5K1.1 (1997). There is no evidence of an oral agreement as to the value of the stolen art. The plea agreements also contained integration clauses that preclude consideration of any alleged oral agreements. See United States v. Hunt, 205 F.3d 931, 935 (6th Cir. 2000); United States v. Alegria, 192 F.3d 179, 185-86 (1st Cir. 1999). Furthermore, in the written plea agreements the Government retained sole discretion to file a motion under USSG § 5K1.1, so its refusal to so move did not violate the plea agreements. See United States v. Wallace, 22 F.3d 84, 87 (1994).

It is well established that we will only consider a claim of ineffective assistance of counsel "in the first instance on direct appeal if and only if it conclusively appears from the record that her counsel did not provide effective assistance." United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995) (internal quotation omitted). Because it does not conclusively appear in the record that counsel did not provide effective representation, the Sarkoezis' ineffective assistance of counsel claims are not reviewable on direct appeal. See, e.g. , United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991) (observing that questions about the competency of trial counsel typically are "best left for collateral review"). Finally, because we find no merit to the Sarkoezis' claims, there was no due process violation.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3