UNITED STATES of America

v.

Bruno FACCIOLO, Lawrence Taylor, and Richard Skowronski, Defendants.

No. 90 Cr. 429 (DNE).

United States District Court, S.D. New York.

Jan. 4, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (James B. Comey, Asst. U.S. Atty., of counsel), for U.S.

Dominic J. Porto, New York City, for Richard Skowronski.

Joseph Giannini, Brooklyn, N.Y., for Lawrence Taylor.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Defendants Richard Skowronski and Lawrence Taylor move this Court (1) to suppress wiretap evidence, (2) for a bill of particulars (3) for additional discovery, (4) to facially challenge the indictment, (5) that venue is improper, and (6) for severance. Defendant's motions are denied in all respects.

### I. Wiretap Evidence

■ Defendants argue that the wiretapped conversations obtained during the first period of interception should be suppressed since the Government seeks to use those conversations as evidence that the defendants committed a crime other than those specified in the first wiretap order. Further, defendants argue that since the Government has not sought authority to use these conversations in this trial pursuant to 18 U.S.C. § 2517(5), the wiretap authorization statute, it may not use them at all. Both of these arguments are without merit.

In this circuit, intercepted conversations relating to an offense not specifically designated in the wiretap order may still be introduced as evidence relating to that offense under 18 U.S.C. § 2517(5) when the judicial officer authorizes the continuation of interception after being "made aware of 'material facts constituting or clearly relating to [the] other offenses' in the application for the continuance." *United States v. Ardito*, 782 F.2d 358, 362 (2d Cir.1986) (*quoting United States v. Masciarelli*, 558 F.2d 1064, 1068 (2d Cir.1977)).

In this situation, this standard was clearly met. The initial 30–day wiretap authorization in this case was made by Judge Weinstein in the Eastern District, on November 6, 1989. The initial affidavits submitted to Judge Weinstein indicated that "[t]he organization's activities also involve the commission of armed robberies and burglaries by the core members." The progress reports supplied to Judge Weinstein set forth the conversations relating to the instant infraction. The December 7, 1989 re-application added the instant offense, 18 U.S.C. § 1951, as an authorized offense. As a result, the judicial officer was "made aware of the 'material facts constituting or clearly relating to'" the instant violation in the re-application.

Accordingly, defendants' motion to suppress these conversations is denied.

### II. Bill of Particulars

■ Defendants move for an order that the Government produce a bill of particulars. The defendants have failed to establish that the Indictment did not "set forth the essential elements and facts needed to inform [him] of the charges." *Unit-*

ed States v. Panza, 750 F.2d 1141, 1148 (2d Cir.1984). The important question is whether the information sought is necessary, not whether it is helpful. *United States v. Guerrerio*, 670 F.Supp. 1215, 1224 (S.D.N.Y.1987); *United States v. Payden*, 613 F.Supp. 800, 816–18 (S.D.N.Y. 1985). The Government will not be compelled through a bill of particulars to disclose the manner in which it will prove the charges or preview its evidence or legal theory. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Thus, an application for a bill of particulars seeking in effect to obtain evidence must be rejected.

This Indictment adequately informs the defendants of the charges against them, and comports with the specificity requirements of Rule 7(c) of the Federal Rules of Criminal Procedure and applicable law.

Further, in this case, the Government has supplied defense counsel with a list of the intercepted telephone calls the Government is likely to introduce at trial. The Government has provided copies of the wiretap applications, tape cassettes of intercepted phone calls, and log sheets. This material is sufficient for the defendants to glean the essential elements needed to be informed of the charges against them.

### III. Additional Discovery

The record indicates that the Government provided defense counsel with detailed discovery after the defendants' motions were filed. Defendants may expect that the Government will continue to provide further discovery as required by law.

### IV. Challenges to the Indictment

Defendants seek to dismiss the indictment because (1) it is not sufficiently detailed, (2) it is too vague, and (3) it fails to allege an overt act. These challenges are meritless.

■ It is sufficient if an indictment sets forth the elements of the crime charged. The instant indictment does that. The vagueness argument fails.

■ The Hobbs Act, 18 U.S.C. § 1951, does not require that any overt act be committed in furtherance of such a conspiracy to make out a violation. *United States v. Persico*, 832 F.2d 705, 713 (2d Cir.1987); *United States v. Tolub*, 187 F.Supp. 705, 709 (S.D.N.Y.1960) (Kaufman, J.).

In sum, these motions are denied.

### V. Venue

■ Defendants allege that venue is improper in the Southern District of New York since the object of the conspiracy was located in Brooklyn, in the Eastern District. In this circuit, "it is firmly settled law that a conspiracy may be prosecuted in any district in which the agreement was formed or in which there was an act in furtherance of the conspiracy." *Word v. United States*, 589 F.Supp. 806, 807 (S.D.N.Y. 1984), (*citing United States v. Lewis*, 676 F.2d 508, 511 (11th Cir.), *cert. denied* 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982)).

The indictment alleges that the conspiracy took place in the Southern District of New York and elsewhere. The facial validity of that indictment warrants trial in this district. Further, the Government indicates that it will offer evidence that conversations about this robbery occurred within this district. Defendants' motion is denied without prejudice to its renewal at the conclusion of the Government's case.

### VI. Severance

■ Defendant Skowronski argues that his trial should be severed because he stands to suffer prejudicial spill over from the proof to be offered against his co-defendant Taylor. Severance is unwarranted in this instance, however, since both defendants are alleged to be members of the same conspiracy. As a result, the evidence to be offered against one defendant in a joint trial would be admissible against each individually in separate trials. *United States v. Bari*, 750 F.2d 1169, 1178 (2d Cir.1984). That Skowronski alleges that he played a lesser role than co-defendant Taylor is of no moment. "It is almost inevitable in an unlawful scheme or conspiracy

involving several defendants some will be shown to have been more culpable than others." *United States v. Panza*, 750 F.2d 1141, 1147 (2d Cir.1984).

Accordingly, Skowronski's motion for severance must be denied.

## VII. Conclusion

It is hereby ordered that the defendants' motions are hereby denied in all respects.

SO ORDERED.