**UNITED STATES of America,
Appellee,**

v.

**David J. FALSO, Defendant–Appellant.**

**No. 06–2721–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 25, 2008.

Bruce R. Bryan (Vincent L. Briccetti, Briccetti, Calhoun & Lawrence, LLP, White Plains, NY, on the brief), Syracuse, NY, for Defendant–Appellant.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York; Miroslav Lovric, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Circuit Judge, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Defendant-appellant David J. Falso appeals from a June 2, 2006 judgment of the United States District Court for the Northern District of New York (McAvoy, J.), convicting him upon his guilty plea of crimes relating to child pornography and traveling with the intent to engage in illicit sexual conduct with minors. Falso was sentenced principally to 30 years' impris-

onment. We assume the parties' familiarity with the facts and procedural posture of this case.[1]

Falso asserts that the statements he made to Federal Bureau of Investigation Agents James Lyons and Daniel Capone should be suppressed: (1) as the fruit of an illegal search and seizure; and, otherwise (2) because he was in custody at the time of his statements but had not been read his *Miranda* warnings. We reject both contentions.

For the reasons explained in our companion opinion, the search and seizure was subject to the good-faith exception to the exclusionary rule. Thus, the statements provided by Falso were properly not suppressed under the fruit-of-the-poisonous-tree doctrine. *See United States v. Santa,* 180 F.3d 20 (2d Cir.1999) (extending good-faith exception to evidence claimed by the defendant to be excludable under the fruit-of-the poisonous-tree doctrine).

Falso's *Miranda* challenge fares no better. We review *de novo* a district court's determination regarding whether a defendant was "in custody" for *Miranda* purposes. *See United States v. Newton,* 369 F.3d 659, 668 (2d Cir.2004), *cert. denied,* 543 U.S. 947, 125 S.Ct. 371, 160 L.Ed.2d 262 (2004). The test for determining whether an individual is in custody is (1) "whether a reasonable person would have thought he was free to leave," *id.* at 672; and, if not, (2) "whether his freedom of action has been curtailed to a degree associated with formal arrest." *Id.* at 671 (citation and internal quotation marks omitted). This is an objective test, turning on how a reasonable person in defendant's position would have understood the situation. *Id.* Absent a formal arrest, interro-

gations in the "familiar surroundings of one's own home is generally not deemed custodial," but under certain circumstances may be. *See Newton,* 369 F.3d at 675 (holding that defendant was in custody where, *inter alia,* he had been handcuffed in his home).

Here, we find that Falso was not in custody during his interview with Agents Lyons and Capone. The interview occurred in the comfort of Falso's home, he was not handcuffed, he never indicated that he did not want to speak with the agents or that he wanted to leave, and was not told that he could not leave. Although Agent Capone asked Falso not to make sudden movements, not to wash his dishes because of a knife in the sink, and to remain seated during the interview, these were reasonable requests to maintain a safe environment for the ongoing search, and did not on balance result in a custodial situation. *See United States v. Badmus,* 325 F.3d 133, 138 (2d Cir.2003) (finding no custody where agents asked defendant and his wife to stay seated in the living room during the search and did not allow free movement about the apartment). Moreover, although Falso believed that he would be arrested, in part because law enforcement officers had located a box containing child pornography in his bedroom, Falso was not informed that he would be arrested and his subjective belief that he might be arrested is insufficient to establish a custodial situation. *See Stansbury v. California,* 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) ("[D]etermination of custody depends on the objective circumstances ... not on the subjective views harbored by either the interrogating officers or the

---

1. In a companion published opinion, we hold that the district court's finding of probable cause was not supported by a substantial basis, but that the district court nevertheless properly denied Falso's motion to suppress physical evidence seized from his home under the good-faith exception to the exclusionary rule.

persons being questioned."). Under these circumstances, we hold that the district court properly denied Falso's motion to suppress statements.

We need not decide the merits of Falso's challenge to the district court's imposition of statutory sentencing enhancements under 18 U.S.C. §§ 2251(e), 2252(b)(1) & (b)(2) because the enhancements—even assuming they were erroneous—did not affect Falso's ultimate sentence. That is because Falso's 30 year sentence on Counts 1 and 2 (relating to travel with the intent to engage in illicit sexual conduct with minors) is equal to or greater than the enhanced sentences Falso received under 18 U.S.C. §§ 2251(e) and 2252(b) for the child pornography charges.

Accordingly, we AFFIRM the district court's judgment.