UNITED STATES of America,
Plaintiff,

v.

Carl PERRYMAN and Charles
Sullins, Defendants.

No. 12–CR–0123 (ADS).

United States District Court,
E.D. New York.

Aug. 3, 2012.

Loretta E. Lynch, United States Attorney for the Eastern District of New York, Thomas M. Sullivan, Assistant U.S. Attorney, Central Islip, NY, for Plaintiff.

Matthew W. Brissenden, P.C., Matthew W. Brissenden, Esq., of Counsel, Garden City, NY, for Defendant Carl Perryman.

## MEMORANDUM OF DECISION AND ORDER

ARTHUR D. SPATT, District Judge.

This case involves a four count indictment charging the defendants with (1) conspiracy to commit murder in-aid-of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(5); (2) attempted murder-in-aid-of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(5) and 2; (3) assault with a dangerous weapon in-aid-of racketeering, in violation of Title 18, United States Code, Section 1959(a)(3) and 2; and (4) discharge of a firearm during a crime of violence in violation of Title 18, United States Code, Sections 924(C)(1)(A)(ii), 924(C)(1)(A)(iii) and 2.

In substance, the Introduction to the counts charges that the defendants Carl Perryman and Charles Sullins, were members of a Bloods street gang known as the "Old Mill Court Bloods." The Crips was a rival street gang. It is alleged that members and associates of the Old Mill Court. Bloods have engaged in criminal activity, such as robberies, assaults and narcotics trafficking. In addition, it is alleged in the indictment that participation in violence directed at rival gangs increased the respect accorded to the member or associate that does so.

The Introduction to the indictment further alleges that the Old Mill Court Bloods, including its leadership, membership and associates constituted an enterprise as defined in the United States Code Section 1959(b)(2) of Title 18. Also, it is alleged that the Old Mill Court Bloods, engaged in racketeering activity, namely robbery, in violation of the laws of the State of New York and narcotics trafficking, in violation of Title 21, United States Code, Section 841 and 846.

Following the Introduction and the statement regarding the racketeering enterprise, the indictment sets forth the four substantive counts, as stated above. All of these charges relate to a March 16, 2011 shooting of a person named John Doe in the indictment, alleged to be a member of the rival Crips gang.

## I. THE MOTION BY THE DEFENDANT CARL PERRYMAN

The indictment names only three categories of racketeering activity, namely robberies, assaults and narcotics trafficking. Notwithstanding this clear factual assertion, counsel for the defendant Carl Perryman (hereinafter "the defendant") states that "it is my understanding that the Government has not ruled out the possibility of introducing a much broader range of criminal conduct at trial, including crimes that the defendant has already been charged with and acquitted of." In addition, counsel states that he "understands" that the Government may introduce evi-

dence relating to the May 2008 shooting death of David Baez or the July 2009 shooting of John Bush. In each of those cases, the defendant was brought to trial and acquitted of all wrongdoing. Also, counsel is "concerned" that the Government may seek to bring in evidence relating to crimes committed by the defendant's brothers, Kasaun White and James Rutledge, both of whom have been convicted of murder. (Affirmation in Support at pp. 2, 3).

Based on the above assertions, counsel for the defendant is apprehensive about adequately preparing for trial with regard to this alleged evidence which goes "far beyond" the acts alleged in the indictment. As such, counsel asserts that he cannot adequately prepare for trial or frame pretrial motions without knowing "which racketeering acts which the Government will seek to introduce at trial." (Affirmation in Support at p. 3). As a result, counsel served a "Request for Particulars" on the Government. Counsel for the defendant was informed on June 12, 2012, that the Government would not provide this information.

Therefore, this motion for a bill of particulars was made to obtain the other racketeering activity, as set forth above, which is unspecified in the indictment.

## II. THE GOVERNMENT'S RESPONSE

The Government contends that the four count indictment expressly and clearly sets forth the four crimes charged against the defendant Carl Perryman. Specifically, on March 16, 2011, the defendant Perryman is alleged to have shot a member of the rival Crip's gang, one John Doe, whose identity is known to the United States Attorney's Office. Further, the shooting was filmed in a surveillance video that has been produced to defense counsel. In the video, John Doe is engaged in a "Crip's dance" in the parking lot of the Old Mill Court apartment complex in Rockville Centre, New York. While John Doe was dancing, the co-defendant Charles Sullins provides an object to Perryman. The object is a firearm. The video shows Perryman firing several shots at John Doe, striking him several times. John Doe is then seen fleeing the area. John Doe sought medical treatment for multiple gunshot wounds to the back and arm. The records of John Doe's treatment were also provided to defense counsel.

Based on the above facts, the Government submits that the six page indictment contains all the elements of the offenses charged and fairly informs Perryman of the charges against him. So that the Government concludes that the indictment clearly spells out each of the four counts; the Government has provided the surveillance video that captures the crimes committed by Perryman; and the indictment does not mention the murder or the other crimes referenced in the defendant's motion. Further, the Government asserts that if it seeks to introduce evidence of other racketeering activity outside of the types listed in the indictment, "the government would seek to do so either upon the filing of a superceding indictment, alleging any such other crimes, or by filing a motion pursuant to Federal Rule of Evidence 404(b)." (Government's Memorandum at p. 12).

Also, with regard to defense counsel's concerns about the introduction of evidence of crimes committed by the defendant's brothers, the Government denies making any such representations.

## III. DISCUSSION

### A. The Applicable Standards

"Rule 7(f) . . . permits the defendant to seek a bill of particulars in order to

identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987). "The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Sattar*, 314 F.Supp.2d 279, 318 (S.D.N.Y. 2004) (citing *United States v. Mitlof*, 165 F.Supp.2d 558, 569 (S.D.N.Y.2001)). In fact, "[a] bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990) (quoting *United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), *aff'd* 875 F.2d 857 (2d Cir.1989)).

■ "In determining whether a bill of particulars is warranted '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" *United States v. Ramos*, 2009 WL 602997, at *1 (S.D.N.Y. Mar. 3, 2009) (quoting *United States v. Facciolo*, 753 F.Supp. 449, 451 (S.D.N.Y.1990)). Consistent with this principle, courts generally "deny requests for bills of particulars concerning the 'wheres, when, and with whoms' of the crime." *Id.* (quoting *United States v. Ma*, 2006 WL 708559, at *14 (S.D.N.Y. Mar. 21, 2006), and *Mitlof*, 165 F.Supp.2d at 569).

■ A bill of particulars is merited "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990) (quoting *Unit-*ed States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989)). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984).

■ Here, as stated above, the indictment clearly sets forth the four charges alleged against the defendant. The charges are not complicated or obscure. This is not a complex multifaceted securities fraud indictment. The defendant is charged with being a member of the Old Mill Court Bloods, a racketeering enterprise that participated in robbery and narcotics trafficking. The defendant is accused of (1) conspiracy to murder John Doe, a member of the rival Crips gang; (2) attempting to murder John Doe on March 16, 2011; (3) assaulting John Doe with a firearm to maintain and increase his position in the Old Mill Court Bloods; and (4) in furtherance of these crimes, the defendant knowingly possessed a firearm, which was brandished and discharged.

The crimes alleged are set forth with clarity and are easily understood. "[T]he important question, is whether the information sought is necessary, not whether it is helpful." *United States v. Heredia*, No. 02 CR 1246(SWK) 2003 WL 21524008, at *9 (S.D.N.Y. July 3, 2003). Here the Government has represented that if any additional evidence of racketeering activity is sought to be introduced, it will seek to file a superceding indictment or move, pursuant to Section 404(b), providing sufficient notice and opportunity to defend to the defendant.

■ This concession by the Government goes far beyond its obligation at this point in this case. It is also important to recall that a bill of particulars is not a discovery device and "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as

a general investigative tool for the defense." *United States v. Henry,* 861 F.Supp. 1190, 1197 (S.D.N.Y.1994); see generally *United States v. Bellomo,* 263 F.Supp.2d 561, 580 (S.D.N.Y.2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret evidence for the defendant, or disclose its legal theory.").

Here, the Court finds that the indictment more than sufficiently advises the defendant Carl Perryman of the charges in the indictment so as to enable the defendant to prepare his defense; to prepare pre-trial motions; to avoid prejudgment surprise at trial; and to plead the defense of double jeopardy, if subsequently prosecuted for the same offense. The Court finds that the indictment is a clear, sufficiently detailed and well-defined accusatory instrument. The indictment is specific in its terms and contains the information that the defendant requires to prepare his defense.

Accordingly, the motion by the defendant Carl Perryman for a bill of particulars is denied.

**SO ORDERED.**