**UNITED STATES of America,**

v.

**Rahmel MUHAMMAD, also known as "Rah," Defendant.**

**No. 12–CR–337 (ADS).**

United States District Court, E.D. New York.

Nov. 5, 2012.

John S. Wallenstein, Esq., Garden City, NY, for the Defendant.

United States Attorney's Office by John Joseph Durham, Assistant United States Attorney, Central Islip, NY, United States

Attorney's Office by Julia Nestor, Assistant United States Attorney, Brooklyn, NY, for the Prosecution.

## ORDER

SPATT, District Judge.

On October 26, 2012, the Court held a conference in this criminal matter in which it considered the defendant's motion for an order (1) directing the Government to provide a bill of particulars of the charge contained in Count One of the Indictment; (2) suppressing any evidence seized from the defendant's person or from his apartment because the search and seizure conducted violated his Fourth Amendment Rights; and (3) suppressing any statements alleged to have been made by the defendant to law enforcement personnel, because they were involuntarily obtained in violation of the defendant's Fifth and Sixth Amendment rights.

On the record, the Court (1) denied the defendant's request for a bill of particulars; (2) denied the defendant's motion to suppress evidence seized from his apartment; and (3) with respect to the defendant's motion to suppress statements he made to law enforcement personnel, directed that a limited evidentiary hearing be held to determine whether the defendant was coerced and whether he was under the influence of cocaine when he met with the probation officers on April 23, 2012. The purpose of this Order is to confirm in writing these findings that the Court made at the October 26, 2012 conference and to respectfully refer this matter to United States Magistrate Judge Gary R. Brown for a limited evidentiary hearing.

## I. BACKGROUND

On June 20, 2007, in a separate criminal proceeding, the defendant Rahmel Muhammad pleaded guilty to conspiring, together with others, to distribute and to possess with intent to distribute 50 grams or more of cocaine base. On May 13, 2011, this Court sentenced the defendant to 56 months' imprisonment and 36 months of supervised release. Under the supervised release portion of his sentence, the defendant was subject to the standard conditions of supervision, which required him, among other things, to answer inquiries of his probation officer truthfully, to follow his probation officer's instructions and to permit his probation officer to visit him at any time at home or elsewhere. The Court also imposed a special condition stating that the defendant "submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found." The defendant began his supervised release on or about November 15, 2011, and on November 16, 2011, the defendant signed a document reflecting his acknowledgment of these terms of his supervised release.

While the defendant was on supervised release, his probation officer, Senior United States Probation Officer Dennis Stickley, received information from a confidential source that alleged that the defendant was manufacturing cocaine powder into cocaine base at his residence. On April 20, 2012, pursuant to the special search condition of his supervised release, the defendant was intercepted by Officer Stickley and other law enforcement officers at a bus terminal in Hempstead, New York. The defendant was asked to accompany the officers to his residence, where he resided with his girlfriend, so that the officers could execute a search of the premises pursuant to the special condition. The defendant contends that he had no choice but to consent to the search because

he was surrounded by armed officers and was not in a position to refuse. However, the defendant was not handcuffed or otherwise restrained, nor was he placed under arrest.

The officers conducted a search of the defendant's apartment without a warrant. They found the following items: (1) a digital scale; (2) a mirror; and (3) a glass jar and latex gloves. The Government contends that at least some of these items were in plain sight. It is disputed whether the officers found any cocaine residue on any of the seized objects or anywhere else in the defendant's apartment. According to the Government, during the search, the defendant said these items were used by him for preparing and weighing powder cocaine for personal use. He also allegedly stated that he had been associating with Michael Price, a previously convicted felon currently under the supervision of the Probation Department.

The defendant was directed to report to the Probation Department on April 23, 2012 to discuss the evidence seized at his residence by the officers. He did report to the Probation Department on that date. According to the defendant, he used cocaine the night before the meeting. He claimed he was still under the influence the day of the meeting and was unable to think clearly. The Government asserts that the defendant appeared coherent during the meeting and that the defendant's urine test came back negative for drug substances. However, the sample was diluted. which is usually due to a high amount of liquids consumed prior to the drug test.

The April 23, 2012 meeting lasted 30 minutes to an hour. The defendant was asked by Officer Stickley and another probation officer about the items seized at his apartment. The defendant provided a detailed account of his involvement in the preparation of cocaine and cocaine base for purposes of sale and distribution. At the conclusion of the meeting, the defendant was allowed to leave and was not arrested. Officer Stickley did not advise the defendant of his *Miranda* rights during the meeting.

The defendant returned to the Probation Department on May 4, 2012, which was his regular reporting date. According to the Government, the defendant reviewed Officer Stickley's typed notes of the defendant's April 23, 2012 statements for accuracy. The defendant claims he did not read the notes. The defendant signed the statements, indicating their accuracy.

On May 10, 2012, a Grand Jury in the Eastern District of New York indicted the defendant for conspiracy to distribute cocaine base and cocaine, and on May 11, 2012, the defendant was arrested on the Indictment by the United States Marshal's Service.

## II.   DISCUSSION

### A.   As To Whether The Defendant Is Entitled To A Bill Of Particulars

With respect to Count 1 of the indictment, the defendant requests the Government be directed to provide a bill of particulars particularizing (1) the dates encompassing the conspiracy alleged; (2) the number of conspirators, inclusive of the defendant; (3) the names of the alleged co-conspirators; (4) the role each such co-conspirator is alleged to have played; (5) the details of each overt act alleged; (6) the type and quantity of the control substance; (7) whether or not any such alleged co-conspirator was an agent or affiliate of any law enforcement agency, or acting under the direction of any law enforcement official; and (8) the precise conduct attributed to the defendant.

■ The Court finds that the bill of particulars the defendant is requesting is inappropriate. The Second Circuit has held that "[t]he function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990), *abrogated on other grounds by United States v. Marcus,* 628 F.3d 36 (2d Cir.2010) (citation omitted). Thus, "acquisition of evidentiary detail is not the function of the bill of particulars" *Id.* (citation omitted). Instead, "[a] bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Id.* (citation omitted).

■ Further, this Court has previously held that "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Perryman,* 881 F.Supp.2d 427, 430 (E.D.N.Y.2012) (citation omitted). "In determining whether a bill of particulars is warranted the important question is whether the information sought is necessary, not whether it is helpful" and therefore, "courts generally deny requests for bills of particulars concerning the whereas, when, and with whoms of the crime." *Id.* at 430 (citations and internal quotation marks omitted).

Here, Count 1 of the Indictment alerts the defendant to the specific act of which he is accused—conspiracy to sell narcotics—and cites to the relevant statute. The indictment also includes the elements of the offense charged, the date, general loca-

tion and nature of the crimes the defendant is alleged to have committed and the allegations against the defendant. Therefore, as there are no grounds on which to grant the defendant's motion for a bill of particulars, the request is denied.

## B. As To Whether The Defendant's Fourth Amendment Rights Were Violated

■ The defendant's motion to suppress the evidence seized at his apartment is also denied. The probation officers' entry into the defendant's apartment was permissible as the defendant was subject to conditions of supervised release. In *United States v. Reyes,* 283 F.3d 446 (2d Cir. 2002), the Second Circuit held that "[t]he probable cause requirement of the Fourth Amendment do not apply to a federal probation officer conducting a home visit ... pursuant to a convicted offender's conditions of supervised release." *Id.* at 462. Moreover, in *United States v. Knights,* 534 U.S. 112, 118–120, 122 S.Ct. 587, 591–92, 151 L.Ed.2d 497, 504–506 (2001), the Supreme Court unanimously concluded "that the warrantless search of [the defendant], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment." *Id.* at 122, 122 S.Ct. 587.

In this case, both the defendant and the Government agree that the terms and conditions of his supervised release permitted home visits and random searches by his Probation Officer. Specifically, the criminal judgment stipulated that "[t]he defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found." Moreover, the

defendant does not contest whether the probation officers had a reasonable belief that contraband may be found in the defendant's apartment based on, among other things, information Officer Stickley received from a confidential source that the defendant was manufacturing cocaine powder into cocaine base at his residence.

As the defendant does not dispute either the terms of his supervised release or the reasonableness ,of the probation officers' beliefs, no factual dispute exists, and therefore, the defendant is not entitled to a suppression hearing. *See Gentile v. County of Suffolk*, 926 F.2d 142, 148 (2d Cir. 1991); *United States v. Ruiz*, 94 Cr. 392(LAP), 1994 WL 613294, at *3–4, 1994 U.S. Dist. LEXIS 15822, at *10–14 (S.D.N.Y. Nov. 4, 1994) (adopting the *Gentile* standard to motions to suppress). Accordingly, the defendant's motion to suppress the evidence seized at his apartment is denied.

## C. As To Whether The Defendant's Fifth And Sixth Amendment Rights Were Violated, As To His Statements

Lastly, the Defendant argues that his statements to the probation officers at the April 23, 2012 meeting must be suppressed because (1) he was never informed of his *Miranda* rights; (2) he was under the influence of cocaine, so that his capacity to understand the situation was diminished; (3) he was in custody, since he was required by the terms of supervised release to cooperate with the probation officers and answer their inquiries and was, thus, not free to leave during the meeting; and (4) Officer Stickley coerced him by promising that his statements would not be used to prosecute him, but would rather be employed in a proceeding for violation of supervised release.

For the reasons that follow, the Court finds that the defendant is entitled to a limited evidentiary hearing only as to whether he was coerced and whether he was under the influence of cocaine at the April 23, 2012 meeting.

### 1. The Defendant Was Not In Custody And Was Not Entitled To A *Miranda* Warning

■ As a probationer, the defendant was not entitled to a *Miranda* warning before speaking with his probation officers at the April 23, 2012 meeting.

■ As the Second Circuit held in *United States v. Conte*, 99 F.3d 60 (2d Cir.1996):

A probationer does not have the right to remain silent or to have an attorney present when called upon to respond to the supervision efforts of his probation officer. The duties to report as instructed by a probation officer and to answer questions posed by a probation officer are obligations integral to probationary status. . . . While, a probationer . . . may assert [his Fifth Amendment rights], he runs the risk that his refusal to answer will lead to a charge of violation of probation.

*Id.* at 65–66 (citations and internal quotation marks omitted). *In this case*, the conditions of the defendant's supervised release stipulated that "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

■ Furthermore, there is no legal basis on which to conclude that the defendant was in custody when he met with his probation officers on April 23, 2012. Under the standard provided by the Supreme Court in *Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), a probationer who meets with his probation officer is not considered to be " 'in custody' for purposes of receiving *Mi-*

*randa* protection since there [is] no 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest.'" *Id.* at 430, 104 S.Ct. 1136. As in this case, the defendant in the *Murphy* case was not under arrest when he met with his probation officer and was free to leave at the end of the meeting. *Id.* at 430 n. 5, 104 S.Ct. 1136. In addition, the defendant's subjective belief that he may be arrested "is insufficient to establish a custodial situation." *United States v. Falso,* 293 Fed.Appx. 838, 839 (2d Cir.2008); *see also United States v. Morel,* No. 09 Cr 493(KAM), 2010 WL 2545479, at *11–13, 2010 U.S. Dist. LEXIS 60998, at *34–39 (E.D.N.Y. June 18, 2010).

Accordingly, because he was a probationer meeting with his probation officer, the defendant was not in custody and was not entitled to a *Miranda* warning.

### 2. There Is A Factual Dispute As To Whether The Defendant Was Coerced

█ The Court finds that a limited evidentiary hearing is necessary with respect to whether the defendant was coerced.

█ The defendant presents no evidence that he was coerced beyond Officer Stickley's alleged promise that the defendant's statements would not be used in a criminal case. However, even if Officer Stickley made such a promise, "the presence of a direct or implied promise of help or leniency alone has not barred the admission of a confession where the totality of the circumstances indicates it was the product of a free and independent decision." *Green v. Scully,* 850 F.2d 894, 901–02 (2d Cir.1988). Moreover, on May 4, 2012, two weeks after he made the April 23, 2012 statements, the defendant returned to the Probation Department, reviewed Officer Stickley's notes and signed stating that it was accurate.

Nevertheless, because the *Green* case indicates that that the Court should analyze whether "the totality of the circumstances indicates [that the confession] was the product of a free and independent decision," *id.* at 902, a limited evidentiary hearing is needed to determine this issue.

### 3. There Is A Factual Dispute As To Whether The Defendant Was Impaired Due To The Influence Of Cocaine

█ The Court finds that a limited evidentiary hearing is also necessary with respect to whether the defendant was impaired due to the influence of cocaine.

The defendant claims that during the April 23, 2012 meeting he was unable to understand what was happening as he was impaired due to his use of cocaine the night before. The Government asserts that the defendant did not show any signs that he was under the influence of any drugs or alcohol and was fully coherent. In addition, the drug test administered during the April 23, 2012 meeting came back negative. However, it was diluted, which is usually due to a high amount of liquids consumed prior to the drug test. The defendant makes no claim that he was under the influence of any drugs or alcohol two weeks later, on May 4, 2012, when he signed Officer Stickley's type-written notes of his statements, confirming their accuracy.

Thus, as a factual dispute exists as to whether or not the defendant was under the influence of cocaine at the April 23, 2012 meeting when he allegedly made incriminating statements, a limited evidentiary hearing is needed to determine this issue.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

140

**ORDERED** the defendant's motion for a bill of particulars is denied, and it is further

**ORDERED** the defendant's motion to suppress the evidence seized at his apartment is denied, and it is further

**ORDERED** with respect to the defendant's motion to suppress statements he made to law enforcement personnel, that the defendant is entitled to a limited evidentiary hearing as to whether he was coerced and whether he was under the influence of cocaine when he met with the probation officers on April 23, 2012. The Court hereby respectfully refers this matter to United States Magistrate Judge Gary R. Brown for a limited evidentiary hearing to resolve these issues.

**SO ORDERED.**