UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6124

DAVID J. FALSO,

Petitioner – Appellant,

v.

ERIC D. WILSON, Warden, FCC Petersburg

Respondent – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:13–cv–00356-JAG)

Argued: September 20, 2019                    Decided: November 5, 2019

Before GREGORY, Chief Judge, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion. Chief Judge Gregory wrote the opinion, in which Judge Thacker and Judge Harris joined.

**ARGUED:** Frank Policelli, LAW OFFICES OF FRANK POLICELLI, Utica, New York, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** G. Zachary Terwilliger, United States Attorney, Dana J. Boente, Acting United States Attorney, Alexandria, Virginia, Jonathan H. Hambrick, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Chief Judge:

David J. Falso appeals the dismissal of his petition for habeas corpus, contending a change in settled substantive law applies retroactively to render his sentence unlawful and the district court erroneously dismissed his petition. Applying the relevant standard, we see no error and affirm the district court's dismissal.

I.

Between July 2000 and June 2005, Falso traveled to several foreign countries, mostly in Asia, where he engaged in sexual acts with minors, produced photos of those acts, transported them to New York, and maintained them (along with numerous others) in his home. In 2006, he pleaded guilty in a New York federal district court to 242 counts of crimes related to child pornography: two counts of traveling in foreign commerce with intent to engage in illicit sexual conduct with minors, in violation of 18 U.S.C. §§ 2423(b), (f) and 2246 (Counts 1 and 2); eight counts of producing child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 3 to 10); 223 counts of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (B) and 2256 (Counts 11 to 233); eight counts of transporting and shipping child pornography in foreign commerce, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256 (Counts 234 to 241); and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) (Count 242).

Convictions under §§ 2251 and 2252A, like Falso's, qualify for enhanced sentencing if a defendant has a prior conviction "under the laws of any State [for crimes] relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct [or contact]

involving a minor." *See* 18 U.S.C. §§ 2251(e) and 2252A(b)(1). The New York district court concluded that his prior conviction in New York state court for endangering the welfare of a child, in violation of New York Penal Code § 260.10(1), constituted a prior conviction relating to sexual abuse. As a result, statutory mandatory minimum sentence for Falso's crimes was increased from 15 to 25 years for Counts 3 to 10, five to fifteen years for Counts 11 to 241, and zero to ten years for Count 242. *See* 18 U.S.C. §§ 2251(e) and 2252A(b)(1), (2). Critically, however, the statutory maximum sentence of 30 years for Counts 1 and 2 was unaffected by Falso's prior conviction. 18 U.S.C. § 2423(b).

Falso was sentenced to 30 years' of imprisonment for the first two counts, 30 years for the next 239 counts, and 20 years for the last count, with all sentences running concurrently. In two separate opinions, the Second Circuit affirmed both Falso's convictions and sentences. *See United States v. Falso*, 544 F.3d 110 (2d Cir. 2008), *cert. denied*, 558 U.S. 933 (2009); *United States v. Falso*, 293 F. App'x 838, 840 (2d Cir. 2008) (noting the court "need not decide the merits of Falso's challenge to the district court's imposition of statutory sentencing enhancements . . . because the enhancements—even assuming they were erroneous—did not affect Falso's ultimate sentence"). Apart from his direct appeals, Falso also unsuccessfully sought habeas relief pursuant to 28 U.S.C. § 2255.

In 2012, the Second Circuit held in a separate appeal that a district court erred in employing the modified categorical approach to the offense of endangering the welfare of a child pursuant to New York Penal Code § 260.10(1) and under the proper standard—i.e., the categorical approach—the appellant's "state conviction does not qualify as a § 2252A(b)(1) predicate offense." *United States v. Beardsley*, 691 F.3d 252, 254 (2d Cir.

3

2012).  After *Beardsley* was decided, Falso sought resentencing through a petition for habeas corpus under 28 U.S.C. § 2241 in federal district court in Virginia (where he is now incarcerated).  In dismissing his petition, the district court applied the then-controlling test set forth in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), noting that Falso's "actual argument boils down to an assertion that he is innocent of the sentencing factor that enhanced his federal sentence," which he may not challenge.

Falso timely appealed the district court's denial order.  However, the appeal was held in abeyance until this Court's ruling in *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019), and the parties were then ordered to submit supplemental briefing to address the applicability of *Wheeler* to Falso's pending appeal. Applying the *Wheeler* standard to Falso's appeal, we affirm the district court's dismissal.

## II.

Whether Falso may challenge his sentence through a § 2241 petition is a question of law that we review *de novo*.  *Lester v. Flournoy*, 909 F.3d 708, 710 (4th Cir. 2018). Under our precedent, a federal prisoner may challenge his sentence, including errors in sentencing enhancements, through a § 2241 petition if:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citations omitted).

III.

Falso's primary contention as to why he is entitled to habeas relief is that *Beardsley* represents a change in settled substantive law. As a result, Falso claims he satisfies all four elements set forth in *Wheeler*. (*Beardsley*, of course, does not represent a change in settled substantive Supreme Court or Fourth Circuit law.) We disagree and hold that Falso fails to satisfy *Wheeler*'s second element.

In *Beardsley*, the petitioner was convicted of two counts of crimes related to child pornography and sentenced to 15 years in prison, the enhanced mandatory minimum sentence. 691 F.3d at 256. While the 15-year sentence was within the range of what the *Beardsley* petitioner could have received for an *unenhanced* sentence, the Second Circuit appeared to be particularly concerned with the fact that a lower aggregate sentence could have been imposed. In particular, the Second Circuit "expressed no view on what sentence the district court will find appropriate, but note[d] that [its] holding is not that the sentence imposed in this case was unreasonable, only that the district court was not *required* to impose it." *Id.* at 274–75. Importantly, the Second Circuit did not explain that *Beardsley* represents a change in settled substantive Second Circuit law. Instead, the Second Circuit concluded it had no prior opportunity "to decide whether and under what circumstances § 2252A(b)(1) permits a modified categorical analysis of a prior state conviction." *Beardsley*, 691 F.3d at 259. *Beardsley*, therefore, "presents a question of first impression for [the Second Circuit]" and is not appropriately viewed as a change in settled substantive law. *Id.* Even the Second Circuit recognized the issue presented in *Beardsley* was "a close

question, one that neither the Supreme Court nor our own precedents squarely answer." *See id.* at 273.

Falso also relies upon *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), for the proposition that the change in law is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced (*i.e.*, the Second Circuit) and the law in the circuit in which he is incarcerated (*i.e.*, the Fourth Circuit). But the Seventh Circuit also expressly stated that "[w]hen there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct." *Id.* at 612 (noting "no basis for supposing [the petitioner] unjustly convicted merely because he happens to have been convicted in the other circuit").

Even if we were to give Falso the benefit of the doubt and conclude that a petitioner incarcerated in the Fourth Circuit could rely on a change in Second Circuit law, Falso would still fail to satisfy *Wheeler*'s second element because any purported change in *Beardsley* was not deemed by the Second Circuit to apply retroactively on collateral review. In fact, Falso fails to offer any explanation as to why any purported change in *Beardsley* must be applied retroactively.

To the extent we construe Falso's argument as suggesting that a sentencing court does not make sentencing decisions in isolation without regard to how various counts relate to each other (*i.e.*, the New York district court would not have sentenced him to 30 years for Counts 1 and 2 if it had known that his sentencing range was 0 to 15 years for Counts 3 to 242), his argument is far too speculative. Falso offers no support for his contention that he would have received a different sentence. Indeed, he has not—nor can he

6

successfully—raised a collateral challenge to his *unenhanced* sentence of 30 years on Counts 1 and 2. *See United States v. Carney*, 761 F. App'x 150, 153–54 (4th Cir. 2019) (affirming sentence and concluding appellant's argument regarding improper career offender designation "speculative, and in the absence of any authority in support of this position, [there is] no basis on which to conclude that any error was not harmless in this case"); *see also* § 2255(a) (relief limited to a challenge to a sentence that is "in excess of the maximum authorized by law or is otherwise subject to collateral attack").

In sum, we hold Falso cannot establish a change in Second Circuit settled substantive law or that such a change in the Second Circuit, if it occurred, constitutes a change in Fourth Circuit settled substantive law. Falso therefore fails to satisfy *Wheeler*'s second element. Accordingly, we need not address *Wheeler*'s remaining elements.

IV.

For the foregoing reasons, we affirm the district court's dismissal of Falso's petition.

*AFFIRMED*